IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WILLIAM HAYES<br>    *Plaintiff,*<br><br>V.<br><br>TEXAS WESTMORELAND COAL CO.,<br>WESTMORELAND COAL CO., AND<br>WESTMORELAND RESOURCE<br>PARTNERS L.P.,<br>    *Defendants* | §<br>§<br>§<br>§<br>§  CAUSE NO. 6:17-cv-198<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Texas Westmoreland Coal Co., Westmoreland Coal Co., and Westmoreland Resource Partners L.P., Defendants herein, and file this Notice of Removal, removing this case to federal court under 28 U.S.C. §§ 1441 and 1446, and in support there of, would show as follows:

### A. Introduction

1. Plaintiff is William Hayes. Defendants are Texas Westmoreland Coal Co., Westmoreland Coal Co., and Westmoreland Resource Partners L.P.

2. This lawsuit arises out of Plaintiff's claims that he was injured on the job, claiming that those injuries were caused by the negligence of Defendants and seeking money damages from Defendants for those injuries.

3. Plaintiff originally filed this suit in the 369th Judicial District, Leon County, Texas, asserting his negligence claims.

4. Plaintiff's pleadings state that he seeks relief in an amount over One Million Dollars ($1,000,000.00) (Plaintiff's Original Petition, p. 3, ¶7.)

5. There is diversity of citizenship among the parties and all Defendants join in the removal of this case, thus making removal proper under 28 U.S.C. §§ 1332 and 1446.

### B. Basis for Removal

6. Removal is proper under 28 U.S.C. §§ 1332 and 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 and this removal is filed within 30 days after the service on Defendants.

7. There is complete diversity of citizenship among the properly joined parties as follows:

(a) Plaintiff resides in Texas and intends to remain there. Plaintiff's alleged work for Defendants occurred in Jewett, Texas, and his pleading alleges his residence to be Williamson County, Texas. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Thus, Plaintiff is a citizen of Texas.

(b) Texas Westmoreland Coal Co., is a corporation, organized and existing under the laws of the State of Montana, with its principal office in Englewood, Colorado, making it a citizen of Montana. *See* 28 U.S.C. § 1332(a).

(c) Westmoreland Coal Co. is a corporation, organized and existing under the laws of the State of Delaware, with its principal office in Englewood, Colorado, making it a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(a).

8. Westmoreland Resource Partners L.P. is also named as a defendant, but its citizenship should be disregarded because it has been improperly joined in this matter. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004). Improper joinder can be

established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573. Under the second type of improper joinder, the test is whether the defendant has shown that there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Plaintiff's pleading states no facts supporting a claim against Westmoreland Resource Partners L.P. Plaintiff alleges no facts to demonstrate that he was working for Westmoreland Resource Partners L.P., that he was subject to the direction or control of Westmoreland Resource Partners L.P. either directly or indirectly, any facts to show any contractual or other relationship between Westmoreland Resource Partners L.P. and Plaintiff, any facts to show Westmoreland Resource Partners L.P. is liable for or caused Plaintiff's injuries or damages, or any other facts to show any viable cause of action by Plaintiff against Westmoreland Resource Partners L.P.

To the contrary, as set out in the accompanying affidavit, Westmoreland Resource Partners L.P. had absolutely no involvement in the facts relevant to this case. Westmoreland Resource Partners' operations are limited to Ohio and Wyoming, and it does not do business in Texas. Specifically, it had no involvement in retaining Plaintiff or using his services. Plaintiff therefore has no reasonable basis for recovery against Westmoreland Resource Partners L.P.

9.   Plaintiff's pleadings state that he seeks relief in an amount of over $1,000,000. (Plaintiff's Original Petition, p. 3, ¶7.) *See S.W.S. Erectors Inc. v. Infax Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (removing defendant can rely on plaintiff's statement of amount in controversy); *see also* 28 U.S.C. § 1446(c).

10. Defendants' notice of removal is timely, as it is filed within 30 days of Defendants being served with a pleading stating a removable case. *Alim v. KBR, Inc.*, No. 13-11094, 2014 U.S. App. LEXIS 10508, at *4 (5th Cir. 2014) (unpub.)  (30-day deadline for removal runs from the defendant's receipt of a pleading setting forth a removable claim).

11. All Defendants that have been named and served join in this removal. *See* 28 U.S.C. § 1446(b)(2) (requiring consent of all defendants joined and served).

12. Copies of all pleadings, process, orders, and other filings in the state-court suit have been requested and will be filed as required by 28 U.S.C. §1446(a).

13. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending, the 114th Judicial District, is located in this district.

14. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

## **C. Jury Demand**

15. Plaintiff has not demanded a jury trial, and has not paid the jury fee.

## **D. Conclusion**

16. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.  Thus, there is diversity jurisdiction over this matter and removal is proper as set forth herein.

        Respectfully submitted,

        NAMAN, HOWELL, SMITH & LEE, PLLC
        P.O. Box 1470
        Waco, Texas 76703
        Telephone:  (254) 755-4100
        Facsimile:  (254) 754-6331

          /s/ Neal E. Pirkle
        NEAL E. PIRKLE
        State Bar No. 00794464
        E-mail:  pirkle@namanhowell.com
        JOE RIVERA
        State Bar No. 24065981
        E-mail:  jrivera@namanhowell.com

        ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the *Texas Rules of Civil Procedure* on the 18th day of **July, 2017,** as follows:

Dominic M. V. Braus
Craig Carlson
The Carlson Law Firm, P.C.
3919 West Waco Drive
Waco, Texas 76710
Attorneys for Plaintiff
***Certified Mail, Return Receipt Requested***
***No. 7016 2070 0000 8856 2271***

          /s/ Neal E. Pirkle
        Neal E. Pirkle